

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 7, 1967

Honorable Timothy D. Eyssen
County Attorney
Wichita County
Wichita Falls, Texas

Opinion No. M-51

RE: Who has the responsibility of physically transferring a juvenile, being kept in custody under the provisions of Section 29 of Article 5143d, V.C.S., from county detention facility to the appropriate Texas Youth Council institution.

Dear Mr. Eyssen:

You have requested the opinion of this office as to whose responsibility it is, under Article 5143d, Vernon's Civil Statutes, to physically transfer a juvenile from the county detention facility to the custody of the Texas Youth Council, when the child has previously been committed to the Council as a delinquent child and placed by it in an institution or facility, and has escaped therefrom, or who has been released under supervision and has broken the conditions thereof, and has thereafter been arrested and is being kept in custody pending return to the custody of the Council.

Section 13 of said Article 5143d provides that when the court initially commits a child to the Council it shall be the duty of the committing county to physically transfer such juvenile to the facility designated by the council.

Section 28 of said Article 5143d provides that the council shall insure that each child it releases under supervision has transportation to his home or other stated designation.

Section 29 of said Article 5143d provides for the arrest of such child who has escaped or who has been released under supervision and has broken the conditions thereof, and for his or her detention until such child may be returned to the custody of the Council, but it does not specifically state who shall physically transport such child back to the custody of the Council and no such specific provision is found elsewhere in the Act.

- 235 -

Section 25 of such Article 5143d authorizes the Council to make use of law enforcement, supervisory and other facilities, institutions and agencies within the State, and such Section 25 indicates that in so doing a considerable amount of cooperation between the Council and local authorities and facilities are not only needed but are expected. It appears that such Act, Article 5143d, when read as a whole, shows a legislative intent that in the situation inquired of, as well as upon initial commitment, the committing county shall return the child to the custody of the Council, and upon discharge of the child, the Council shall insure his or her transportation home.

The Youth Council has informed us that since the effective date of Article 5143d, the Youth Council and the counties have construed said Article to the effect that it is the responsibility of the county from which the child is committed, to return the child to the custody of the Youth Council, when the child has been arrested and held in custody under the provisions of Section 29.

> "The courts will ordinarily adopt and uphold a construction placed on a statute by an executive officer or department charged with its administration, if the statute is ... uncertain, ... In other words, the judiciary will adhere to an executive or departmental construction of an ambiguous statute unless it is clearly erroneous or unsound, ..." 53 Tex.Jur.2d 259, Statutes, Sec. 177.

We do not believe the departmental construction of the Youth Council and the counties is clearly erroneous or unsound.

It is therefore the opinion of this office that, under the stated fact situation, it is the responsibility of the committing county to physically return a juvenile to the custody of the Texas Youth Council.

## SUMMARY

It is the responsibility of the committing county under Article 5143d, V.C.S. to physically return a juvenile to the custody of the Texas Youth Council, when the juvenile has previously been committed

to the Council as a delinquent child
and placed by it in an institution or
facility, and has escaped therefrom, or
has been released under supervision and
broken the conditions thereof, and has
thereafter been arrested and is being
kept in custody pending return to the
custody of the Council.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

HGK/vmo

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-chairman
Pat Bailey
Monroe Clayton
Malcolm Quick
James McCoy

A. J. Carubbi, Jr.
Staff Legal Assistant